# MACDONALD *v.* EDISON.

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE; OPERATIVE MA-
CHINES; BURDEN OF PROOF.

1. In an interference between an applicant and a patentee, who by
   taking no proof confines himself to the date of his application,
   involving the invention of an apparatus for reproducing phono-
   graph-records, the mere fact of the construction of a machine by
   the applicant prior to the date of his rival's application, is in-
   sufficient to show that, as constructed, it was capable of perform-
   ing the work for which it was designed, nor is it sufficient for him
   to say that the results of its operation are evident from a mere
   inspection of it.

2. The burden imposed upon an applicant in interference with a pat-
   entee, is increased by adverse decisions of all the Patent Office
   tribunals, *following* Howard v. Hey, 18 App. D. C. 142.

3. In an interference case involving the invention of a machine for
   reproducing phonograph records, Guilbert v. Killinger, 13 App.
   D. C. 107; Kelly v. Fynn, 16 App. D. C. 573; Howard v. Hey,
   18 App. D. C. 142, and Sharer v. McHenry, 19 App. D. C. 158,
   *applied* and followed.

No. 222.  Patent Appeals.  Submitted March 11, 1903.  Decided April 7, 1903.

HEARING on an appeal from a decision of the Commis-
sioner of Patents in an interference case.      *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Philip Mauro* for the appellant.

*Mr. Frank L. Dyer* and *Mr. L. H. Dyer* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an interference proceeding between contesting
claimants of the invention defined in the following issues:

" 1. In an apparatus for reproducing phonograph-records, the combination with a mandrel carrying a record of large size, said record being of a sufficiently large diameter as to be free of waves or depressions which are of less length than width and a second mandrel extending parallel therewith and carrying a blank of smaller size, of means to rotate both mandrels, a reproducer engaging the master-record, a recorder engaging the blank and connections between the reproducer and the recorder.

" 2. In an apparatus for reproducing phonograph-records, the combination with a mandrel carrying a record of large size, said record being of a sufficiently large diameter as to be free of waves or depressions which are of less length than width and a second mandrel extending parallel therewith and carrying a blank of smaller size, of means to rotate both mandrels at the same shaft speed, a reproducer engaging the master-record, a recorder engaging the blank, and connections between the reproducer and the recorder.

" 3. In an apparatus for reproducing phonograph-records, the combination with a mandrel carrying a record of large size, said record being of a sufficiently large diameter as to be free of waves or depressions which are of less length than width and a second mandrel extending parallel therewith and carrying a blank of smaller size, of means to rotate both mandrels at the same shaft speed, a bridge straddling the master, a reproducer pivoted to said bridge, a recorder engaging the blank, and connections between the reproducer and the recorder.

The appellee, Thomas A. Edison, holds a patent for the invention, dated May 8, 1900, issued on an application filed October 28, 1899. Thomas H. Macdonald's application, on the allowance of which the interference was declared, was filed June 2, 1900.

It is a conceded fact that the original machine, on which Macdonald's claim of priority is founded, was constructed some time in the year 1898. The exact date of construction is immaterial, as Edison took no testimony, and is therefore confined to the date of his application.

We think that the Commissioner was entirely right in the conclusion stated in his decision as follows:

" The mere fact of the construction of this machine is not, however, sufficient to establish the fact that the machine as constructed was capable of successfully performing the work for which it was designed. If it was not capable of performing this work, even to a small degree of efficiency, the machine does not constitute in law a reduction to practice. * * * It is not sufficient to say that the results of the operation of the duplicating-machine are evident from a mere inspection of the machine, as this machine does not belong to that simple class of devices considered in *Mason* v. *Hepburn,* 13 App. D. C. 86; *Loomis* v. *Hauser,* 19 App. D. C. 401."

In order, therefore, for Macdonald to succeed, it was necessary for him to prove that his machine, as constructed, was actually capable of successfully performing the work for which it was intended.

To the heavy burden imposed by the established rule of law, upon one who seeks to overcome the right of an adversary founded on a patent issued before the filing of his own application, is now superadded the necessity of making out a very clear case of error, by reason of the concurrence of all of the tribunals of the Patent Office in deciding against the sufficiency of his evidence to prove this reduction to practice. *Howard* v. *Hey,* 18 App. D. C. 142, 146.

To prove the actual reduction of the machine to practice, the appellant relies upon his own testimony and that of a witness named Osborne who was a tool-maker in the service of Macdonald's company and built the machine under the latter's direction. There is but little of this evidence and it has been stated and fully discussed in the several decisions in the Patent Office which, in succession, have denied its sufficiency to establish the fact with the requisite certainty. The reasoning by which their conclusions were reached is in line with that controlling the decisions of former cases in this court between which and the present case there are certain elements of analogy. *Howard* v. *Hey,* 18 App. D. C.

142; *Sharer* v. *McHenry,* 19 Idem. 158; *Guilbert* v. *Killinger,* 13 Idem. 107; *Kelly* v. *Fynn,* 16 Idem. 573.

We see no occasion, therefore, to add anything by way of further statement or discussion of the evidence. Having given it consideration, with the aid of an argument on behalf of the appellant presenting it in its strongest light, we are unable to say that the Commissioner erred in the decision appealed from. It follows that the same must be affirmed. It is so ordered, and further that this decision be certified to the Commissioner of Patents as required by law.

*Affirmed.*